

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-003-CR

ROBERT ADAM CLAUNCH                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Pursuant to a plea bargain, Appellant Robert Adam Claunch pled guilty to possession of a controlled substance, namely methamphetamine, in the amount of one or more but less than four grams, and the trial court deferred adjudication and placed him on three years' deferred adjudication community supervision. Appellant preserved his right to appeal the denial of his pretrial

---

[1] *See* Tex. R. App. P. 47.4.

motion to suppress all fruits of a search of his person.  In three points, Appellant argues that the trial court erred in denying his motion to suppress, violating his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, under Article I, Section 9 of the Texas Constitution, and under article 38.23 of the Texas Code of Criminal Procedure. Because the trial court did not abuse its discretion in denying Appellant's motion to suppress, we affirm the trial court's judgment.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[2]  In reviewing the trial court's decision, we do not engage in our own factual review.[3]  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.[4]  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility

---

[2] *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[3] *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).

[4] *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

and demeanor.[5] But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.[6]

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling.[7] When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.[8] We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.[9] We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its

---

[5] *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[6] *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

[7] *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

[8] *Kelly*, 204 S.W.3d at 818–19.

[9] *Id*. at 819.

3

ruling.[10]

The evidence at the suppression hearing shows the following. During the day on September 26, 2006, North Richland Hills officers executed a search warrant for the residence of Lora James and J.T. Crawford. The warrant authorized a search for illegal narcotics. After the officers had been at the house for approximately fifteen minutes, Appellant arrived at the back door of the house. At the suppression hearing, Appellant testified that he had arrived at the house to help J.T. with his internet connection. Appellant further testified that after he knocked on the back door, the door was opened, and he saw four of the officers wearing black ski masks and pointing their guns at him. Appellant also testified that one of the officers, Sergeant Rick Scott, pulled him into the house, put him in handcuffs, frisked him, and searched his pockets without his consent. Scott found a baggie of methamphetamine in a cigarette box in Appellant's pocket. When the police later asked for permission to search Appellant's car, he signed a consent form.

Sergeant Scott testified that he answered the back door, identified himself, told Appellant to come into the house, and frisked him. He asked

---

[10] *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

4

Appellant if he had any contraband on his person or in his vehicle. Appellant stated that he did not. Scott testified that Appellant consented to a search of his person. Later, the officers asked for permission to search Appellant's car and obtained a written consent form signed by Appellant.

Sergeant Scott testified that it was typical "protocol" for officers to draw their weapons if anyone entered a secured area and that he assumed the other officers had done so, but as for pointing their guns at Appellant, that "wouldn't have happened" because that was not protocol and would have meant that their weapons were pointed at Scott.

After hearing conflicting testimony on the issue of consent, the trial court denied the motion to suppress.

The trial court entered the following findings of fact and conclusions of law:

> The Court finds that on September 26, 2006, Shane Kotara, a police officer for the North Richland Hills Police Department, obtained a search warrant to search a duplex located at 7712 Mary Drive in the City of North Richland Hills. The Court finds that the search warrant was executed on September 26, 2006 by members of the North Richland Hills Police Department including Officer Kotara and Sergeant Rick Scott. The Court finds that the search warrant affidavit named two persons as suspects, Lora James and J.T. Crawford, but that the search warrant did not list the Defendant, Robert Adam Claunch, as a suspect. The Court finds that there was no arrest warrant for the Defendant.

> The Court finds that after entry was made and the residence

5

was being searched by the officers, the Defendant came to the back door of the residence and knocked on the door. The Court finds that Sergeant Scott opened the door, identified himself, and had the Defendant come into the residence. The Court finds that Sergeant Scott did not pull the Defendant into the residence but that he took control of the Defendant and did a Terry frisk or an outside pat of the Defendant's clothing to locate any firearms or weapons for the protection of the officers. The Court finds that the Defendant was not under arrest at this time and that no weapons were located during the patdown.

The Court finds that after the patdown was completed that the Defendant was asked for consent to search his person and that the Defendant gave his voluntary verbal consent for such search. The Court finds that during this time Sergeant Scott located a substance believed to be methamphetamine in a small plastic baggie inside a cigarette box in the Defendant's pocket.

The Court finds that during these events that various officers had weapons, in hand, out of their holsters and in a ready or posed position either by their side or close to their chests but that none of the weapons were pointed at the Defendant or in the direction of Sergeant Scott and the Defendant. The Court finds that the Defendant gave voluntary verbal consent for the search which was not induced or coerced by the threat of any police officer. The Court finds that the Defendant was then arrested, handcuffed and later gave his written consent for the search of his vehicle.

The Court finds that the issue before the Court is whether or not the Defendant gave voluntary consent for the search of his person. With the facts of this case, without the voluntary consent of the Defendant, the officers would not have had the authority to conduct a search of the Defendant after they finished the Terry frisk or patdown to locate any possible weapons.

The Court concludes as a matter of law that consent to search is one of the well-established exceptions to the constitutional requirements of both a warrant and probable cause. The Court concludes as a matter of law that the State is bound to

show by clear and convincing evidence that the consent was freely given.

The Court has heard conflicting testimony from two police officer witnesses and the Defendant himself on the issue of consent. The Court must determine the credibility of the witnesses and the weight to be given to the testimony. Here there is no other evidence or videotape to aid the Court in its determination concerning the voluntariness of the consent.

The Court finds that the State has shown by clear and convincing evidence in this case that consent was freely and voluntarily given by the Defendant in this case, Robert Adam Claunch, and therefore the Court has denied the Motion to Suppress and concludes as a matter of law that the evidence of methamphetamine is admissible.

Thus, the trial court concluded that Appellant gave voluntary verbal consent for the search of his person and that the consent was neither induced nor coerced by the threat of any police officer.

Because the trial judge in a motion to suppress is the sole trier of fact, when the evidence conflicts, as it does in this case, the trial court's determination of credibility will not be disturbed if it is supported by the record.[11] The trial court's findings and conclusions, including the conclusion that consent was voluntary, are supported by the record.

---

[11] *Wiede*, 214 S.W.3d at 24–25; *Ross*, 32 S.W.3d at 855.

7

Applying the appropriate standards of review, we therefore hold that the trial court did not abuse its discretion in denying Appellant's motion to suppress. We overrule Appellant's three points and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 12, 2009

8